UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MISTY S. o/b/o SHARI M. deceased,[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 3:21cv729 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

## OPINION AND ORDER

     This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

     The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.
The Claimant, Shari M., passed away on March 16, 2020. Her daughter, Misty S., substituted into the case on December 29, 2020. (Tr. 878).

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2017.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 18, 2015 through her date last insured of March

2

      31, 2017 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: chronic obstructive pulmonary disease (COPD); bilateral carpal tunnel syndrome bilateral cubital tunnel syndrome of the elbows; obesity; anxiety disorder; persistent depressive disorder; major depressive disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant could never climb ladders, ropes, or scaffolds, but could conduct all other postural activities occasionally; the claimant was limited to frequent reaching, handling, fingering, and feeling with the bilateral upper extremities; the claimant needed to avoid concentrated exposure to sunlight, vibration, temp extremes, high humidity, fumes, odors, dusts, gases, and poor ventilation; the claimant needed to avoid concentrated exposure to workplace hazards such as dangerous moving machinery and unprotected heights); the claimant was unable to operate a motorized vehicle as part of her job duties; the claimant could understand, remember, carry out instructions, and exercise judgment, to perform simple tasks; the claimant was capable of routine and repetitive work, performing essentially the same tasks in the same place every day; the claimant needed to avoid all assembly line-paced work or work with strict hourly production quotas; the claimant was capable of occasional interaction with the public, but nothing more involved than answering a discrete question, such as location of an item in a store or a room in a hotel; the claimant was limited to occasional interaction with coworkers and supervisors, with no tandem work or team tasks.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 7, 1962 and was 54 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8. The claimant had at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work was unskilled (20 CFR 404.1568).

10. Through the date last insured, considering the claimant's age, education, work

> experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 18, 2015, the alleged onset date, through March 31, 2017, the date last insured (20 CFR 404.1520(g)).

(Tr. 659-670).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on March 14, 2022.  On June 21, 2022 the defendant filed a memorandum in support of the Commissioner's decision.  Plaintiff has declined to file a reply.  Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present

case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in not incorporating the limiting effects of all of her impairments, and in not considering the combined impact of all of her impairments. Specifically, Plaintiff contends that she had migraine headaches whose frequency and intensity were disabling.

It is Plaintiff's burden to establish that she had medical problems resulting in disabling, work-related functional limitations. *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010). It is the ALJ's province to resolve conflicts and ambiguities in the evidence. *Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 541 (7th Cir. 1992).

Here, the ALJ addressed Plaintiff's allegations of disabling migraines (Tr. 665-66). The ALJ found that Plaintiff had not established any functional limitations from migraines (Tr. 666 ("while considered herein, the claimant's headaches fail to necessitate specific limitation")). The ALJ noted the lack of medical evidence developing the existence, treatment, and limiting effects of migraines. (Tr. 665-66).

Plaintiff has failed to produce medical opinion evidence of greater functional limitations than found by the ALJ. Thus, Plaintiff has failed to meet her burden. *Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021); *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004).

Plaintiff asserts that her migraine symptoms were so intense and frequent as to be disabling. She relies on her statements describing her migraines. Plaintiff's assertions are unavailing because the ALJ considered Plaintiff's allegations of subjectively disabling symptoms and found that they were not so extreme as to be disabling (Tr. 663).

Symptoms are a claimant's subjective descriptions of her impairments. *See* 20 C.F.R. § 404.1502(n). Once the claimant establishes the existence of an impairment that could reasonably

5

be expected to produce the alleged symptoms, then the intensity and persistence of the symptoms are evaluated. 20 C.F.R. § 404.1529(c)(1). The ALJ's credibility finding on this point should not be disturbed if it is supported by specific reasons and is not "patently wrong.*" Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021). "Patently wrong" is a high threshold—"only when the ALJ's determination lacks any explanation or support … will [we] declare it to be patently wrong and deserving of reversal." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) (internal citations omitted); *Weber v. Kijakazi*, No. 20-2990, 2021 WL 3671235 (7th Cir. Aug. 19, 2021) (quoting *Elder*). The ALJ's credibility finding need not be perfect, just adequately supported. *McKinzey v. Astrue*, 641 F.3d 884, 890-91 (7th Cir. 2011)(concluding "that the ALJ's credibility determination was adequately supported by evidence in the record' even though the 'credibility determination was not without fault").

Here, the ALJ explained the reasons for his findings. These reasons generally concerned the lack of record medical evidence of the allegedly disabling migraines. For example, the ALJ observed the lack of objective medical evidence to support Plaintiff's allegations. The ALJ noted, as examples, the lack of abnormal cranial nerves, balance issues, or motor/sensory abnormalities (Tr. 665), reflecting the concerns expressed at Social Security Ruling ("SSR") 19-4p ("Evaluating Cases Involving Primary Headache Disorders"). The lack of objective medical evidence was a valid consideration. *See* 20 C.F.R. § 404.1529(c)(2) ("We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled").

The ALJ also observed the level of treatment that Plaintiff received for her migraines during the relevant period (Tr. 665). The ALJ noted that there was very little discussion of Plaintiff's migraines in the medical records (Tr. 665 ("very little development")). Plaintiff had

6

not been hospitalized for migraines and had not been referred to a neurologist during the relevant period (Tr. 665). In multiple examinations, Plaintiff did not complain of migraines when describing her problems (*see, e.g.*, Tr. 598-99, 569-70, 1007). This was in contrast to after the relevant period, when Plaintiff complained of worsening migraines (*see, e.g.*, Tr. 1000, 1067 ("complains prominently about migraines")), when Plaintiff's medication regimen was modified (Tr. 1000), and when Plaintiff was referred to a neurologist (Tr. 1062, 1058). The level of treatment was a valid consideration. *See* 20 C.F.R. § 404.1529(c)(3) (stating that medications, other treatment, and other measures used to address symptoms are considered).

Further, the ALJ discussed and relied upon the medical opinion evidence, which did not mention any migraine-related functional limitations (Tr. 668). The medical opinion evidence was also a valid consideration. *See* 20 C.F.R. § 404.1529(c)(1) ("We also consider the medical opinions").

Plaintiff argues that a neurologist was unnecessary for diagnosis, but the point is that Plaintiff was not referred to a neurologist during the relevant period, unlike later, when she complained of worsening headaches and was referred to a neurologist.

Plaintiff also objects to the ALJ's reference to "objective symptomatology… (such as abnormal cranial nerves, balance issues, or motor/sensory abnormality)". However, the ALJ's specific concerns reflected the objective bases for migraines, per SSR 19-4p, which describes migraine pain as "caused by the activation of nerve fibers" and migraine "auras" as involving, *inter alia*, "sensory" and/or "motor" problems.

Plaintiff also relies on medical texts, regarding migraines, to argue that she was disabled. But such reference materials are not personal to Plaintiff and are not evidence of her medical condition. Nor does the reliance on medical texts make Plaintiff and her representatives qualified

7

to diagnose Plaintiff or to render medical opinions about her functional limitations.

Clearly, Plaintiff has not shown that the ALJ improperly considered Plaintiff's allegations of subjectively disabling migraines, and Plaintiff has not shown the ALJ's credibility finding to be patently wrong. Nor has Plaintiff shown, via medical opinion evidence, that she had greater functional limitations than found by the ALJ due to her migraines. Thus, Plaintiff has failed to establish that she had disabling migraine-related functional limitations, and there is no basis on which to remand the decision.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.
Entered: August 22, 2022.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court